Decision
This matter came before the full Court on Friday, March 13, 2015 for Oral Argument on the appeal filed by Ho-Chunk Nation Election Board and Bridget Schulz, Chairperson by and through their attorney, Erik Shircel of the HCN Department of Justice. The Appellee, Valerie Kempen appeared pro se. This matter involves the appeal of the Minute Order (Enjoining Legislative Election) filed on February 25, 2015.[1] Several issues were raised on appeal as to the relief granted by the Trial Court in the form of injunctive relief. However, this Court finds that the issue of timeliness is the basis for reversing the lower court’s order for the reasons stated below. The other issues are not addressed in this case.

SUMMARY OF CASE

The HCN Election Board called for a Primary Election for Seat 1 of District 4. Appellee Kempen provided nomination papers to the Election Board. Her nomination form contained eleven signatures of tribal members to nominate her to have her name on the election ballot for that seat.
On January 28, 2015, the HCN Election Board met to certify the candidates for office. Questions were raised by the Election Board as to signatures on the Official Nomination Petition form. (Appellants’ Brief, Exhibit G. and I). The Election Board reviewed the form and decided that the Appellee’s candidacy was denied because the requisite number of signatures was not on the Official Nomination Petition form. (See Appellants’ Brief Exhibit G, January 30, 2015 letter from Bridgette Schulz). The Appellee appealed that decision to the Election Board.
An Election Board meeting was held on February 9, 2015 to consider Appellee Kempen’s appeal as well as the appeals of other candidates. At that meeting, Appel-lee’s denial was reaffirmed by the HCN Election Board. The vote of the Board deciding to reaffirm the denial of certification was taken and stated to those present, including Appellant Kempen. On February 10, 2015, a letter was mailed to Ms. Kempen. On February 17, 2015, Appellee Kempen filed a complaint in Ho-Chunk Nation Trial Court appealing the Election Board’s decision as to the nomination form.
A hearing was held on Kempen’s appeal on February 25, 2015. The lower court ruled that the complaint of Appellee Kem-pen was timely. The court held that the appeal was filed “four (4) working days after the Election Board issued their decision denying her administrative appeal, which the court determines to have been the date of service of the written letter informing her [Kempen] of the denial, February 11, 2015.” The Court cited Election Code 6.8(g)(2) as the legal authority for that decision.
*220 An appeal was filed on February 27, 2015 by the Election Board. One of the issues raised was whether or not the Trial Court had erred in ruling that the appeal was timely filed.

STANDARD OF REVIEW

This matter involves questions of law. As such, this Court has utilized a de novo review for questions of law. Robert A. Mudd v. HCN Legislature, SU 03-02 (HCN S.Ct., April 8, 2003).

DISCUSSION

The lower Court erred in ruling that the Appellee’s filing of the appeal was timely based on the plain language of HCN 6.8(g)(2).

The Ho-Chunk Nation Legislature has enacted the HCN Election Code which sets out the process for candidates to appeal matters of the Election Board. The applicable section states as follows:
(2) The Election Board shall immediately notify a candidate in writing by certified mail if the candidate does not meet the qualifications of office. The candidate shall have five (5) working days from the date of receipt of notice to appeal the eligibility determination to the Election Board. The Election Board shall issue a decision within five (5) working days of receipt of the appeal. The candidate/'appellant may appeal the decision of the Election Board to the Trial Court uñthin five (5) working days of the decision only upon the grounds that it is inconsistent with the Election Code (2 HCC see. 6) and/or the Constitution. HCN Election Code, 2 HCC 6.8(g)(2). (emphasis added)
This section is the pertinent section that led to the lower court’s error in accepting the appeal. Upon review of the record, both parties agreed that the HCN Election Board issued a decision on February 9, 2015 at an Election Board meeting (which Appellee Kempen attended). See SU 15-04 Oral Arguments, March 13, 2015 transcript page eight (8), 1:45; 55 and page sixteen (16) 2:11:59 p.m. The dispute is whether or not the above-referenced section of the Election Code applies to the decision provided orally at the Election Board meeting on February 9, 2015 or to a letter dated February 11, 2015 memorializing the Election Board’s decision of February 9, 2015. This Court finds that the Election Board vote of 10-1-1 upholding the Board decision to disallow Appellee’s Kempen fulfilled the requirements of the Code that the Election Board “issue a decision” which gives rise to the tolling of the five (5) working days for an appeal to the Trial Court. The Election Code does not require the decision to be in writing. According to the law of the Ho-Chunk Nation, Appellee Kempen was required to file her appeal on Monday, February 16, 2015. The lower Court erred in finding that the “plaintiffs Complaint to be timely, as it was filed on February 17, 2015.” That is simple error. The appeal should have been filed on Monday, February 16, 2015 when the fifth day occurred on a weekend. The filing was late and the appeal should not have gone forward.[2]
The record below indicates that Appellee Kempen had considered the decision to have been issued when it was stated at the meeting on February 9, 2015. In fact, she had attempted to file her appeal but subsequently, she decided not to file it. She chose to wait for a letter that was mailed *221 on February 10, 2015 from the Election Board. The Appellee filed the appeal some eight (8) days after the Election Board issued their decision. That is outside the five (5) day deadline. Therefore, the Minute Order of the lower Court is reversed. The Election Board will hold the election for Seat 1 of District 4 without the name of Valerie Kempen on the ballot.
EGI HESKEKJET.

. A more detailed Order (Enjoining Legislative Election; Deny Motion to Dismiss; Reversing and Remanding) was entered on March 4, 2015, but was not filed with this appeal.

. Corrections to the Election Board must be made by the HCN Legislature rather than the Judiciary.